IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-804 MMC |
| Plaintiff, | **ORDER GRANTING IN PART GOVERNMENT'S MOTION FOR ORDER FINDING WAIVER OF PRIVILEGE; VACATING JANUARY 9, 2013 HEARING; CONTINUING BRIEFING SCHEDULE ON DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE** |
| v. | |
| MIMI WANG, | |
| Defendant / | |

Before the Court is the government's "Motion for Order Finding Waiver of Privilege and Directing Defense Counsel to Provide Declaration," filed and served December 20, 2012 on defendant Mimi Wang. Defendant has not filed an opposition or other response to the motion. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 9, 2013, and rules as follows.

To the extent the government's motion seeks an order finding defendant has waived the attorney-client privilege as to the matters set forth in her motion to vacate, set aside, or correct her sentence, the government's motion is hereby GRANTED, for the reason that defendant's motion is predicated on her allegations that her trial counsel provided ineffective assistance. See Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003) ("It has

long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.")

To the extent the government's motion seeks an order directing defendant's trial counsel to provide the government with a declaration describing his conversations with defendant, the motion is hereby DENIED, for the reason that the government fails to cite any authority, and the Court is aware of none, requiring trial counsel to provide such a declaration. In the event trial counsel declines to provide a declaration, however, the government may seek leave to take counsel's deposition or other discovery pursuant to Rule 6 of the Federal Rules Governing Section 2255 Proceedings.[1]

In light of the above, the Court finds good cause exists to continue the briefing schedule on defendant's motion, as follows:

1. No later than February 22, 2013, the government shall file its response to defendant's motion.

2. No later than March 22, 2013, defendant shall file any reply.

3. As of March 22, 2013, the Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: January 7, 2013

MAXINE M. CHESNEY
United States District Judge

---

[1] Should the government seek such leave and the Court approves it, the Court, at that time and without the need for a motion by defendant, will consider whether it is appropriate to appoint defendant counsel for purposes of discovery proceedings. See Fed. Rules Governing Section 2255 Proceedings, Rule 6(a).